70 A.3d 806

COMMONWEALTH of Pennsylvania, Appellant,

v.

Raymond SOLANO, Appellee.

Commonwealth of Pennsylvania, Appellee,

v.

Raymond Solano, Appellant.

Supreme Court of Pennsylvania.

Submitted Feb. 27, 2013.

Decided June 17, 2013.

Heather F. Gallagher, Esq., James Bernard Martin, Esq., Emporium, Lehigh County District Attorney's Office, Amy Zapp, Esq., PA Office of Attorney General, Harrisburg, for Commonwealth of Pennsylvania, Appellant in Case No. 647 CAP.

James H. Moreno, Esq., Defender Association of Philadelphia, for Raymond Solano, Appellee in Case No. 647 CAP.

Elizabeth Hadayia, Esq., James H. Moreno, Esq., Defender Association of Philadelphia, for Raymond Solano, Appellant in Case No. 648 CAP.

Heather F. Gallagher, Esq., Lehigh County District Attorney's Office, Amy Zapp, Esq., PA Office of Attorney General, Harrisburg, for Commonwealth of Pennsylvania, Appellee in Case No. 648 CAP.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, JJ.

*ORDER*

PER CURIAM.

**AND NOW**, this 17th day of June, 2013, this matter is hereby **REMANDED** to the PCRA Court for supplementation of its December 30, 2011 opinion. We note the court, in denying Solano's November 7, 2012 request to supplement its opinion, correctly reasoned there was no basis to grant the relief requested at that time, as an appeal had already been filed with this Court. *See* PCRA Court Order, November 15, 2012. Accordingly, we now remand for the court to prepare a supplemental opinion providing the reasoning underlying its denial of PCRA relief with respect to the following issues: trial counsel's alleged conflict of interest; trial counsel's failure to challenge the Commonwealth's last-minute presentation of eyewitnesses; trial counsel's failure to request a jury instruction on the *crimen falsi* conviction introduced regarding witness Jose Aquino; the trial court's refusal to allow impeachment of witness Jose Aquino with his probation status; trial counsel's failure to object to the admission of prior bad act testimony regarding Solano; and trial counsel's failure to argue the Commonwealth's evidence was beyond the limited scope of the (d)(7) aggravator.

Furthermore, in light of the fact Solano is represented by the Federal Community Defender's Office, we direct the PCRA court to determine whether current counsel from that office should continue to represent Solano in this state capital PCRA proceeding, absent a federal court order authorizing such representation, *see* 18 U.S.C. § 3599(a)(2) (authorizing appointment of counsel to indigent state defendants actively pursuing federal *habeas corpus* relief from death sentence), or whether other appropriate post-conviction counsel should be appointed.

Jurisdiction relinquished.

Madame Justice Todd dissents to that portion of the order directing inquiry into the existence of a federal appointment order, based on the reasoning set forth in the Dissenting Statements filed by her and Mr. Justice Baer to the Court's

692

per curiam orders dated July 28, 2011, and October 3, 2011, respectively, in *Commonwealth v. Spotz,* No. 576 CAP, indicating that any impropriety in counsel's participation and/or actions, if appropriately identified, should be dealt with in the normal course of disciplinary proceedings.